**FILED
CLERK**

10:22 am, Mar 08, 2018

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
EDNILSON GONZALEZ,

                Plaintiff,

      -against-

ERBA INC., AND BAKKI AKKAYA
              Defendant(s).
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
15-cv-6037 (ADS) (AYS)

**APPEARANCES:**

**Famighetti & Weinick, PLLC**
*Attorneys for the Plaintiff*
155 Pinelawn Road
Suite 220S
Melville, NY 11747
      By:    Matthew Brian Weinick, Esq., Of Counsel

**Criscione Ravala LLP**
*Attorney for the Defendants*
315 Madison Avenue
Suite 901
New York, NY 10017
      By:    Galen Joseph Criscione, Esq.,
              M. Salman Ravala, Esq., Of Counsel

**SPATT, District Judge**:

      The Plaintiff Ednilson Gonzalez (the "Plaintiff") commenced this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") against the Defendants ERBA Inc. ("ERBA"), and Bakki Akkaya ("Akkaya") (collectively, the "Defendants"). On September 20, 2017, the Clerk of the Court entered a default judgment against the Defendants in accordance with this Court's September 15, 2017 Order adopting Magistrate Judge Shields' Report and Recommendation of August 30, 2017. The Clerk of the Court closed the case on that same day.

1

Presently before the Court is a motion by the Defendants to reopen the case and vacate the default judgment against them pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 60. For the following reasons, the Defendants' motion is granted.

## I. BACKGROUND

### A. The Relevant Procedural History

On October 21, 2015, the Plaintiff filed his complaint. He sought to recover back wages, together with liquidated damages, attorneys' fees, and costs. On February 19, 2016, the Defendant ERBA Inc. answered the initial complaint. On September 27, 2016, the Plaintiff filed an amended complaint.

On December 7, 2016, the Clerk of the Court noted the default of the Defendants. On January 19, 2017, the Plaintiff moved for a default judgment against the Defendants.

On January 24, 2017, the Court referred the Plaintiff's motion for default judgment to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) the relief to be granted; (2) whether damages should be awarded, including reasonable attorney's fees and costs; and (3) whether any other relief should be granted.

On August 30, 2017, Judge Shields issued a Report and Recommendation (the "R&R"), recommending that the Court: grant the Plaintiff's motion for default judgment; strike the Defendants' answers; award the Plaintiff $30,380 in damages, and $12,370 in attorneys' fees and costs as against the Defendants jointly and severally.

On September 15, 2017, after receiving no objections from any party, the Court adopted the R&R in its entirety; and directed the Clerk of the Court to enter judgment in favor of the Plaintiff and close the case.

On September 20, 2017, the Clerk of the Court entered judgment in favor of the Plaintiff and closed the case.

On September 21, 2017, the Defendants filed a letter motion to vacate the default judgment. The Court denied the motion without prejudice with leave to refile as a formal motion.

On October 5, 2017, the Defendants filed the instant motion to vacate the default judgment. While they classify it as a motion pursuant to Rule 55, the Court must consider it under Rule 60, as a final judgment was entered against them.

## II. DISCUSSION

### A. The Relevant Legal Standard

Rule 60(b) states, in relevant part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). As stated above, while the Defendants have moved to vacate the default judgment under Rule 55, the Court must consider the motion under Rule 60 because the Plaintiff seeks "relief from final a judgment[] [or] order. *Id.* Nevertheless, "[t]he same factors are applied in the context of a Rule 60(b) motion to set aside a default judgment [as in a motion under Rule 55], although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor. *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)).

In deciding whether to vacate a default judgment, a court must consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting

3

party prejudice." *United States v. Chesir*, 526 F. App'x 60, 61 (2d Cir. 2013) (quoting *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998)); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (stating that these criteria "should be construed generously" in favor of party seeking relief from judgment (internal citations and quotation marks omitted)).

### 1. As to the Defendants' Willfulness

The Second Circuit has stated that willfulness is "more than merely negligent or careless" conduct, *McNulty*, 137 F.3d at 738, but will be found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained," *id.* For example, "[a] default is deemed willful where a defendant simply ignores the complaint without action." *Circuito Cerrado, Inc. v. LV Foods, Inc.*, 296 F.R.D. 122, 126 (E.D.N.Y. 2013) (internal citations and quotation marks omitted). "Thus, 'where a party is notified that he is in default and he apparently makes no effort to appear *pro se* or to explain his situation to the court, such neglect is inexcusable.'" *Arista Records, Inc. v. Musemeci*, No. 03CV4465(DGT)(RML), 2007 WL 3124545, at *4 (E.D.N.Y. Sept. 18, 2007) (quoting *Yan v. Bocar*, No. 04 Civ. 4194, 2005 WL 3005338, at *13 (S.D.N.Y. Sept. 8, 2005)), *report and recommendation adopted*, No. CIV.A. CV-03-4465(DG, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007); *cf. Kauhsen v. Aventura Motors, Inc.*, No. 09-cv-4114, 2010 U.S. Dist. LEXIS 55554, at *13, 2010 WL 2301289 (E.D.N.Y. June 7, 2010) (noting that "[w]illfulness includes conduct that is 'not satisfactorily explained'" (internal citations and quotation marks omitted); *Domond v. Great Am. Rec., Inc.*, 116 F. Supp. 2d 368, 374 (E.D.N.Y. 2000) (Spatt, J.) (noting that "willfulness may be inferred where a party's conduct was egregious and not adequately explained"); *Frost Belt Int'l Recording Enters., Inc. v.*

*Cold Chillin' Records*, 758 F. Supp. 131, 136 (S.D.N.Y. 1990) ("[U]tter failure to explain the default effectively precludes a finding of excusable neglect.").

Here, while the Court acknowledges that prior counsel for the Defendants failed to respond to counsel for the Plaintiffs on numerous occasions; failed to file a responsive pleading to the amended complaint; and failed to respond to the Plaintiff's motion for default judgment, the Court does not impute prior counsel for the Defendants' inaction to the Defendants themselves. As stated above, courts should construe the standards generously in favor of the party seeking relief. *State St. Bank & Trust*, 374 F.3d at 168.

Furthermore, of importance, the Court finds that the Defendants have adequately explained their inaction. The Defendants' prior counsel lead them to believe that he was attending to the action, and he avoided the Defendants just as he avoided the Plaintiff. Prior counsel for the Defendants never showed them the amended complaint or the motion for default judgment. The Defendants represent that they have, and always have had, an intention to defend themselves in this case. But for their prior counsel's misrepresentations, they would have responded to the Plaintiff's amended complaint and motion.

To that end, while the Plaintiff is correct that the general rule is that clients are considered bound by the acts or omissions of their attorneys, there is an exception when the lawyer's failures are "so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Harris v. United States,* 367 F.3d 74, 81 (2d Cir. 2004); *see also SLC Turnberry, Ltd. v. The Am. Golfer, Inc.*, 240 F.R.D. 50, 54–55 (D. Conn. 2007) ("[S]ome courts have adopted the approach that an attorney's gross or extraordinary negligence will not be attributed to a client." (internal citation omitted)).

In the Court's view, the conduct of the Defendants' prior counsel, viewed as a whole, constitutes such a constructive abandonment. The Defendants' previous counsel accepted service on Akkaya's behalf, but failed to put in an order of appearance for him. He never informed the Defendants that there was a motion for default judgment filed against them; and ignored their text messages and phone calls after the motion was filed. Counsel's actions were especially egregious after the filing of the motion for default judgment, which was of the utmost importance.

This is further demonstrated by the fact that the Defendants approached their previous attorney again after they were served with the R&R, and hired a new attorney upon realizing that their previous counsel had not adequately represented them. The Defendants' new attorney filed a notice of appearance one day after the default judgment was entered against the Defendants, and filed a letter motion to vacate the default judgment on the same day.

As such, the Court finds that the Defendants did not act in bad faith, and did not engage in egregious or deliberate conduct. Therefore, this factor weighs in favor of vacating the default judgment.

**2. As to whether the Defendant Demonstrates the Existence of a Meritorious Defense**

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.,* 856 F.2d 873, 879 (7th Cir. 1988)). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98.

Here, the Defendants represent that they have three meritorious defenses that they would have raised had they known that an amended complaint was filed: 1) that the Plaintiff's calculation of hours is incorrect; 2) that the FLSA's good faith exceptions apply to the Defendants; and 3) that the Plaintiff failed to exhaust his administrative remedies.

While a plaintiff is not required to exhaust his administrative remedies prior to brining an FLSA action, the Court finds that it would have "some determination to make" on the first two defenses. *Am. All. Ins.*, 92 F.3d at 61. Again, "the criteria for vacating a default judgment pursuant to Rule 60, including the meritorious defense factor, should be construed generously." *State St. Bank & Tr.*, 374 F.3d at 168 (internal citation and quotation marks omitted). Akkaya represents that the Plaintiff has miscalculated his hours, and that the Defendants should receive the benefit of the FLSA good faith exception. As the Plaintiff admits, under the FLSA, a court may deny liquidated damages if an employer can show that it acted in "good faith with objectively reasonable grounds for believing that its acts or omissions did not violate the FLSA." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).

Mindful that there is a "strong preference for resolution of disputes on their merits," *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 47 (2d Cir. 2015) (quoting *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 320 (2d Cir. 1986), the Court finds that the Defendants have made an adequate showing that the Court would have some determination to make. Therefore, this factor weighs in favor of vacating the default judgment.

**3. As to Whether the Plaintiff Will be Prejudiced by the Vacatur**

Prejudice may be shown if the party's "ability to pursue the claim has been hindered since the entry of the judgment" or by "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Farrell v. County Van & Storage,*

7

*Inc.,* 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996) (quoting *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 657 (3d Cir. 1982)).

The Court acknowledges that some prejudice is inherent in the delay that has resulted from the Defendants' conduct. However, "delay alone is not a sufficient basis for establishing prejudice." *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).

Moreover, the Court will attempt to mitigate this prejudice by awarding sanctions in the form of attorneys' fees and costs incurred by the Plaintiff in bringing the motion for default judgment and opposing the instant motion. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("The imposition of conditions as part of granting a Rule 55(c) motion can be used to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation." (internal citations omitted)); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52 (E.D.N.Y. 2008) ("[C]ourts in this Circuit have 'consistently' permitted an 'award of attorney's fees incurred in bringing the default motion as a condition to vacating a default judgment.' Importantly, an award of attorneys' fees and costs upon vacating an entry of default does not require a finding of willfulness on the part of the defaulting party." (quoting *Richardson v. Nassau County,* 184 F.R.D. 497, 503 (E.D.N.Y. 1999) (further citations omitted)); *SLC Turnberry*, 240 F.R.D. at 56 (awarding attorneys' fees as a result of vacating the default judgment).

Accordingly, the Plaintiff is directed to supply the Court with contemporaneous records of the costs and attorneys' fees incurred in bringing and opposing the above motions.

Furthermore, the Court orders that the Defendants immediately and fully comply with all outstanding discovery requests.

Therefore, in light of the above, the Court finds that this factor weighs in favor of vacating the default judgment.

### III. CONCLUSION

For the reasons stated above, the Defendants' motion to vacate the default judgment pursuant to Rule 60 is granted. The Clerk of the Court is respectfully directed to vacate the default judgment and reopen the case. The Plaintiff is directed to file records and receipts related to the costs and attorneys' fees incurred in filing his motion for default judgment, and opposing the instant motion. The Defendants are directed to immediately and fully comply with any and all outstanding discovery requests. This matter is respectfully referred to Magistrate Judge Anne Y. Shields for the remainder of discovery, and to ensure the payment of the attorneys' fees and costs.

**SO ORDERED.**
Dated: Central Islip, New York
March 8, 2018

                                                              */s/ Arthur D. Spatt*
                                                               ARTHUR D. SPATT
                                               United States District Judge